IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY KINSLER,** | : | CIVIL ACTION |
| | : | |
| **Plaintiffs,** | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | NO.   13-6412 |
| **Defendants.** | : | |
| | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

Defendants, Police Officer Byron Ward and Police Officer Al Thurston, through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint and aver as follows:

### I.   Introduction

Denied.

### II.   Jurisdiction and Venue

1. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

2. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

### III.   Parties

3. Admitted, upon information and belief.

4. Admitted, only that Defendant, Police Officer Byron Ward, is an adult individual and citizen of the United States, who is employed as a police officer with the Philadelphia Police Department.  It is further admitted that at all times relevant hereto Police Officer Ward was acting under the color of state law.

5. Admitted, only that Defendant, Police Officer Al Thurston, is an adult individual and citizen of the United States, who is employed as a police officer with the Philadelphia Police Department.  It is further admitted that at all times relevant hereto Police Officer Ward was acting under the color of state law.

6. This allegation is directed at a party other than the answering defendants, therefore no response is required.  To the extent a response is required, denied.

7. This allegation is directed at a party other than the answering defendants, therefore no response is required.  To the extent a response is required, denied.

8. The allegations contained in these paragraphs do not require a response as they are addressed to John Does who are fictitious individuals.  Therefore, no further answer is required.  To the extent a response is required, these allegations are denied.

## IV.    Operative Facts

9. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  All allegations are therefore denied.

10. Admitted.

11. Admitted.

12. Admitted that the Answering Defendants attempted to arrest Plaintiff.

13. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  All allegations are therefore denied.

14. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  All allegations are therefore denied.

15. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  All allegations are therefore denied.

16. Admitted.

17. Admitted.

18. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

**V.** **Causes of Action**

### COUNT I

19. Paragraphs 1-18 are incorporated by reference as though set forth at length herein.

20. Denied.

21. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

22. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## COUNT II

23. Paragraphs 1-22 are incorporated by reference as though set forth at length herein.

24. Denied.

25. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

26. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

27. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

28. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

29. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

30. Admitted.

31. Denied.

## COUNT III

32. Paragraphs 1-31 are incorporated by reference as though set forth at length herein.

33. Denied.

34. Denied.

35. Denied.

**WHEREFORE,** the Answering Defendants deny that they are liable on the cause of actions declared herein, and demand judgment in their favor plus interest and costs. Defendants demand a trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's federal claims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of qualified immunity because, at all times material hereto, the individual defendants were carrying out their duties in a proper and lawful manner, and in the exercise of good faith.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, insofar as Answering Defendants' purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, to the extent that he has failed to take reasonable measures to mitigate any or all damages.

WHEREFORE, Answering Defendants deny they are liable to the Plaintiff and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

    Respectfully Submitted,

    /s/ *John J. Coyle*
John J. Coyle, Esq.
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5447

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY KINSLER,** | **CIVIL ACTION** |
| Plaintiffs, | |
| v. | |
| **CITY OF PHILADELPHIA, et al.,** | NO.   13-6412 |
| Defendants. | |

### CERTIFICATE OF SERVICE

I certify that on the date listed below, the foregoing Answer and Affirmative Defenses of Defendants to Plaintiff's Complaint was served via electronic filing with the court's ECF system.

Date: December 9, 2013           /s/ *John J. Coyle*  _
                                  John J. Coyle, Esq.
                                  City of Philadelphia Law Department
                                  Civil Rights Unit
                                  1515 Arch Street, 14th Floor
                                  Philadelphia, PA 19102
                                  (215) 683-5447