IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY KINSLER,** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | NO.   13-6412 |
| **Defendants.** | : | |
| | : | |

# O R D E R

AND NOW, this _____ day of _____, _____, upon consideration of Defendants' Motion to Dismiss, and any response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED. It is further ORDERED that Plaintiff's Complaint is dismissed with prejudice as to Defendants, the City of Philadelphia and Charles Ramsey.

BY THE COURT:

_____
Surrick, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY KINSLER,** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| v. | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | NO.   13-6412 |
| **Defendants.** | : | |

## MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendants, the City of Philadelphia and Charles Ramsey hereby move this Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted

In support of this Motion, Defendants incorporate by reference and rely upon the Memorandum of Law filed herewith.

                              Respectfully submitted,

                              /s/ *John J. Coyle*
                              JOHN J. COYLE
                              *Assistant City Solicitor*
                              City of Philadelphia Law Dept.
                              1515 Arch Street, 14th Floor
                              Philadelphia, PA  19102
                              john.coyle@phila.gov
Date: December 9, 2013            P: 215-683-5447 / F: 215-683-5397

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JEFFREY KINSLER,** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | NO.    13-6412 |
| **Defendants.** | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF
## THE MOTION TO DISMISS

**I.      Introduction**

Defendants, the City of Philadelphia, and Charles Ramsey ("Moving Defendants"), by and through undersigned counsel, hereby file the following memorandum in support of their Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

**II.     Procedural and Factual History**

Plaintiff, filed this complaint pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth and Fourteenth Amendment rights.  (See Compl. generally.)  Plaintiff alleges on November 10, 2013, he was assaulted and falsely arrested by Police Officers Ward and Thurston near the 3600 Block of Frankford Avenue.  (Id. ¶11-16.)  Plaintiff has named Police Commissioner Charles Ramsey and the City of Philadelphia as defendants in this action.  (Id. generally.)  Plaintiff alleges Moving Defendants are liable for excessive force (Count I), malicious prosecution (Count II), and for an unlawful custom, policy, or practice under Monell v. Dept. of Social Svcs., 436 U.S. 658 (1978).

**III.     Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." When evaluating a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), we must accept as true all factual allegations set forth in the complaint. See Malia v. General Electric Co., 23 F.3d 828, 830 (3d Cir. 1994). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007), and a court "need not credit a complaint's 'bald assertions' or 'legal conclusions,'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (internal quotation marks omitted). In other words, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 127 S. Ct. at 1965). Therefore, a claim may be dismissed when the facts alleged and the reasonable inferences drawn therefrom are legally insufficient to support the relief sought. See Pa. ex rel. Zimmerman v. PepsiCo, 836 F.2d 173, 179-80 (3d Cir. 1988). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'—'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (internal citation omitted).

**IV.     Argument**

**A. Police Commissioner Charles Ramsey**

Plaintiff fails to state a claim against Defendant Ramsey because he does not allege any actions taken by Commissioner Ramsey which resulted in a constitutional deprivation. As there are no allegations of conduct by Commissioner Ramsey anywhere in the Complaint, it can only be assumed Plaintiff bases his claim for relief against Commissioner Ramsey on a *respondeat*

*superior* theory of liability.  This theory must fail.  A § 1983 lawsuit cannot proceed against a state actor in his individual capacity unless Plaintiff alleges that the defendant personally violated the plaintiff's rights.  Evancho v. Fisher, 423 F.3d 347, 353-54 (3d Cir. 2005).  A defendant in a civil rights action must have had personal involvement in committing the alleged violation. Rode v. Dellarciprete, 845 F.2d 1195 (3rd Cir. 1988). Agresta v. City of Philadelphia, 801 F. Supp. 1464, 1468 (E.D. Pa, 1992); see also Reaves v. Vaugh, 2001 WL 936392 at * 4 (E.D. Pa., Aug. 10, 2001) (vicarious liability does not apply to §1983 claims); Eppers v. Dragovich,1996 WL 420830 at * 4 (E.D. Pa., July 24, 1996) (defendant in civil rights claim must have "personal involvement" in alleged wrongs).  It is thus axiomatic that state actors cannot be held vicariously liable under Section 1983 for the actions of other state actors.  See Parratt v. Taylor, 451 U.S. 527, 537 n.1 (1981).  Any liability of an individual officer must "be based on his own acts or omissions, not those of [other] individual officers." Agresta v. City of Philadelphia, 801 F. Supp. 1464, 1468 (E.D. Pa, 1992); see also Reaves v. Vaugh, 2001 WL 936392 at * 4 (E.D. Pa., Aug. 10, 2001) (vicarious liability does not apply to §1983 claims); Eppers v. Dragovich, 1996 WL 420830 at * 4 (E.D. Pa., July 24, 1996) (defendant in civil rights claim must have "personal involvement" in alleged wrongs).

     Here, Plaintiff makes no allegations against Commissioner Ramsey in any regard.  Because Plaintiff has not alleged any actions taken by the Commissioner himself, Plaintiff's claims cannot be sustained under 42 U.S.C. § 1983.  Evancho, 423 F.3d at 353-54.  Therefore, all claims against Defendant Ramsey should be dismissed with prejudice.

     **B.  The City of Philadelphia**

     Plaintiff fails to state a claim against the City of Philadelphia because he has not pled a municipal custom or policy which was the moving force behind the violation of

Plaintiff's constitutional rights.  To prevail under § 1983 against a municipality, a plaintiff must demonstrate that the municipality itself, through the implementation of municipal policy or custom, caused the underlying constitutional violation.  <u>Monell v. Dept. of Social Svcs.</u>, 436 U.S. 658 (1978).  The law of the Third Circuit requires pleadings in § 1983 claims, to meet only the pleading requirements of Rule 8(a)(2).  <u>Loftus v. Southeastern Pennsylvania Transportation Authority</u>, 843 F.Supp. 981, 985 (E.D. Pa. 1994) (Robreno, J.).  Therefore, Plaintiff must plead factual allegations which raise a right to relief above the speculative level. <u>Twombly</u>, 127 at 1965.   Here, plaintiff's factual allegations do not establish any facts or details regarding what comprises the governmental policy or custom at issue, let alone how it has caused the alleged constitutional violations.  Plaintiff's allegations are limited to the general statement that the illegal actions were taken pursuant to an official municipal policy or custom.  (Compl. ¶¶ 18, 33.)  This Court need not credit these bald assertions and legal conclusions.  <u>Kost</u>, 1 F.3d at 183.  In the instant case, Plaintiff's allegations lack fail to articulate sufficient facts to comply with the mandates of <u>Twombly</u> and its progeny.  Therefore, Plaintiff's claims against the City of Philadelphia should be dismissed.

    **V. <u>Conclusion</u>**

    Based on the forgoing reasons, Defendants, City of Philadelphia and Commissioner Charles Ramsey, respectfully request this Court grant the Motion to Dismiss.

    Respectfully submitted,

    /s/ John J. Coyle
    **JOHN J. COYLE**
DATE: DECEMBER 9, 2013    ASSISTANT CITY SOLICITOR

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY KINSLER,** : | CIVIL ACTION |
| : | |
| **Plaintiffs,** : | |
| v.  : | |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | NO.   13-6412 |
| **Defendants.** : | |
| : | |

## CERTIFICATE OF SERVICE

I, John J. Coyle, do hereby certify that on this date, a true and correct copy of Defendants' Motion to Dismiss Plaintiff's Complaint pursuant Rule 12(b)(6) was electronically filed and is available for viewing and downloading from the ECF system.

|  | Respectfully submitted, |
|---|---|
| Date: December 9, 2013 | /s/  *John J. Coyle.*<br>John J. Coyle, Esq.<br>City of Philadelphia Law Department<br>Civil Rights Unit<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102 |