IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KINSLER | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO.  13-6412 |
| CITY OF PHILADELPHIA ET AL. | : | |

**SURRICK, J.**                                                             AUGUST  11 , 2014

## MEMORANDUM

Presently before the Court is Plaintiff Jeffrey Kinsler's Motion for Sanctions.  (ECF No. 25.)  For the following reasons, Plaintiff's Motion will be denied.

**I.  BACKGROUND**

On November 1, 2013, Plaintiff Jeffrey Kinsler filed this lawsuit against the City of Philadelphia, Philadelphia Police Commissioner Charles Ramsey, and individual police officers Al Thurston and Byron Ward.  (Compl., ECF No. 1.)  The Complaint alleges claims for excessive force and malicious prosecution.  (*Id*.)  On February 4, 2014, Plaintiff voluntarily dismissed the City of Philadelphia and Charles Ramsey as Defendants.  (ECF No. 10.)  On June 19, 2014, Plaintiff filed the instant Motion for Sanctions.  On July 7, 2014, Defendants filed a Response in opposition.  (Defs.' Resp., ECF No. 27.)  On August 8, 2014, we heard argument on the Motion.  (Min. Entry, ECF No. 38.)

The events giving rise to this lawsuit occurred on November 10, 2011.  (Pl.'s Mot. 3, ECF No. 25.)  Taylor Rice, a witness to the events, recorded a video on her cellular phone.  (*Id*.)  The same night, Rice took her phone to the City of Philadelphia Police Department's 15th District, and the video was uploaded onto a computer by the detective who interviewed her.  (*Id*. at 4; Taylor

Dep. 17, 37, Pl.'s Mot. Ex. A.)  Plaintiff has since made numerous requests for the video.  (Pl.'s Mot. 4.)  Defendants have been unable to locate it.  (*Id*.)

## II. LEGAL STANDARD

"[S]poliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Mosaid Techs., Inc. v. Samsung Elecs. Co*., 348 F. Supp. 2d 332, 335 (D.N.J. 2004) (internal quotation marks omitted).  "Spoliation occurs where:  the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party."  *Bull v. United Parcel Serv*., 665 F.3d 68, 73 (3d Cir. 2012).  If a party is able to demonstrate that evidence has been subject to spoliation, there are a variety of sanctions that a court in its discretion may impose, such as the dismissal of a claim or claims, the suppression of evidence, an adverse inference, fines or attorneys' fees and costs.  *Paramount Pictures Corp. v. Davis*, 234 F.R.D. 102, 110-11 (E.D. Pa. 2005).  However, in exercising its discretion, the court must consider the following factors:  "'(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.'"  *Id*. at 111 (quoting *Schmid v. Milwaukee Elec. Tool Corp*., 13 F.3d 76, 79 (3d Cir. 1994)).

## III. DISCUSSION

### A. Parties' Contentions

Plaintiff argues that he is prejudiced by the loss of the Rice video and requests a spoliation

instruction at trial, permitting the jury to assume that the destroyed evidence would have been unfavorable to Defendants' position. (Pl.'s Mot. 5-6.) Plaintiff contends that "[a]t all times, the video was kept by Defendant City of Philadelphia Police Department" and that "[n]o other party or person ever had control or possession . . . ." (*Id*. at 7.) In addition, Plaintiff argues that the video "is a central piece of evidence to the claims and defenses of the Plaintiff as well as the Defendant as it recorded the incident giving rise to Plaintiff's claims." (*Id*.) Plaintiff maintains that he is now "wholly unable to inquire as to the substance of the Rice video in the moments prior to the use of excessive force by Defendants." (*Id*. at 8.)

Defendants counter that the Rice video is irrelevant to Plaintiff's claims because Rice ceased recording prior to the arrival of any Philadelphia police officers. (Defs.' Resp. 3.) Defendants also argue that sanctions are not warranted because officers Thurston and Ward, the sole remaining Defendants in this action, were never in possession or control of the video. (*Id*. at 4.)

### B.   Analysis

The parties do not dispute that the Rice video, which was uploaded onto a computer at the City of Philadelphia Police Department's 15th District, has since been lost. The only remaining questions are whether the video is relevant to Plaintiff's lawsuit, and whether it was ever in the control or possession of officers Thurston and Ward.

At her deposition, Taylor Rice testified that her video was 15-30 seconds in duration and that she became upset and stopped recording before any police officers arrived on the scene. (Rice Dep. 17-18, 40.) The video did not capture any interaction between Plaintiff and officers Thurston and Ward. (*Id*. at 17-18.) It is unclear how Rice's video could be relevant to Plaintiff's

3

claims of excessive force and malicious prosecution.  However, even if the Rice video was relevant to Plaintiff's claims, he cannot establish that he is prejudiced by its loss.  Plaintiff is in possession of a second video that captured the events of the night in question.  (Compl. 3-4.)  That video clearly depicts the events that transpired leading up to the arrival of officers Thurston and Ward.  The video also captures what transpired after officers Thurston and Ward arrived at the scene, including the actions that led to Plaintiff's excessive force claim.  Given the existence of this second recording, we cannot say that Plaintiff is prejudiced by the loss of the Rice video.

Moreover, Plaintiff does not allege that officers Thurston and Ward were ever in possession or control of the Rice video.  Plaintiff asserts that the recording was in the control of the City of Philadelphia Police Department, however, the City of Philadelphia Police Department has been dismissed as a Defendant in this action.  The Sixth Circuit Court of Appeals addressed a similar situation in *Adkins v. Wolever*, 692 F.3d 499 (6th Cir. 2012).  In that case, the plaintiff brought a lawsuit against a prison guard for excessive force.  *Id*. at 500.  The plaintiff requested a spoliation instruction after a video of the incident was lost by the prison where the plaintiff was housed and where the defendant was employed.  *Id*.  The plaintiff argued that a sanction was proper even if the prison guard "was not personally responsible for the destruction of the evidence . . . ."  *Id*. at 505.  The district court denied the plaintiff's request for a spoliation instruction explaining that, "in the absence of any evidence that [the defendant] had control or access over these items, there is no basis to assert that [he] had any culpability for the loss of the items."  *Id*. at 505.  The Sixth Circuit affirmed on appeal, concluding that "[a] fact-intensive inquiry into [the defendant's] degree of fault under the circumstances could reasonably generate the conclusion that [he] was innocent of any destruction or loss."  *Id*. at 506 (quotation omitted); *see also Grant*

*v. Salius*, No. 09-21, 2011 WL 5826041, at *2-3 (D. Conn. Nov. 18, 2011) (collecting cases in which courts have declined to give a spoliation instruction "where the parties against whom the adverse inference is sought had no duty or role with respect to the maintenance or destruction of the evidence at issue . . . .").

In the instant case, Rice testified that she turned her video over to the detective that interviewed her at the 15th district police station. Plaintiff does not allege that officers Thurston and Ward were ever in control or possession of the Rice video. Nor does he allege that they were responsible for its destruction. In fact, it is unclear from the record whether officers Thurston and Ward were even aware of the Rice video's existence. Given these facts, a spoliation instruction is not warranted. *See Grant*, 2011 WL 5826041, at *3 (concluding that "spoliation sanctions, particularly an adverse inference instruction, are unwarranted where the party against whom sanctions are sought has not been shown to have had any responsibilities related to the maintenance, preservation, or destruction of the evidence at issue, and the loss of that evidence is instead attributable to non-parties").

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions will be denied. An appropriate order will follow.

BY THE COURT:

_____
**R. BARCLAY SURRICK**